**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**at ASHLAND**

**Civil Action No. 05-214-HRW**

**CHERYL WILSON**,                                        **PLAINTIFF,**

**v.**                          **MEMORANDUM OPINION AND ORDER**

**JO ANNE B. BARNHART**
**COMMISSIONER OF SOCIAL SECURITY,**                **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for  disability insurance benefits and supplemental security income benefits on January 8, 2001, alleging disability beginning on September 9, 2000, due to back injury and depression.   Following a hearing, on June 27, 2002, an unfavorable decision was issued.  Upon request for

review, the Appeals Council remanded the case back to Administrative Law Judge

Don C. Paris for failure to proffer an consultative examination to counsel.  A

second hearing was convened, followed by a second unfavorable decision on April

18, 2003.  The Appeals Council remanded the matter for further proceedings due to

a poor recitation of the Plaintiff's residual functional capacity to the vocational

expert, thereby rendering the expert's testimony inadequate.

On November 16, 2004, an third administrative hearing was conducted by

Administrative Law Judge William Gitlow (hereinafter "ALJ"), wherein Plaintiff,

accompanied by counsel, testified (Tr. 449-484).  At the hearing, Gina Baldwin, a

vocational expert (hereinafter "VE"), also testified (Tr. 484-495).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the

following five-step sequential analysis in order to determine whether the Plaintiff

was disabled:

> Step 1:  If the claimant is performing substantial gainful work, he is not
> disabled.
>
> Step 2:  If the claimant is not performing substantial gainful work, his
> impairment(s) must be severe before he can be found to be disabled based
> upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3:  If the claimant is not performing substantial gainful work and has a
> severe  impairment (or impairments) that has lasted or is expected to last for
> a continuous period of at least twelve months, and his impairments (or
> impairments) meets or medically equals a listed impairment contained in
> Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without

2

further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

ALJ Gitlow found that Plaintiff was not disabled (Tr. 15-24).  Plaintiff was 42 years old at the time of the subject hearing decision.   She has a high school education with past relevant work experience as a hiring technician, lab technician and a medic.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 22).

The ALJ then determined, at Step 2, that Plaintiff suffered from depression and back and neck problems, which he found to be "severe" within the meaning of the Regulations (Tr. 22).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 22).  In doing so, the ALJ specifically considered listings 1.00 and 12.04 (Tr. 16-17).

The ALJ further found that Plaintiff could not return to her past relevant

3

work but has residual functional capacity ("RFC") to perform a significant range of light work (Tr. 23) .  The ALJ, relying upon testimony of the VE, finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 23).  Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner (Tr. 7-9).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.  Both parties have filed Motions for Summary Judgment [Docket Nos. 4 and 5] and this matter is ripe for decision.

### III.  ANALYSIS

#### A.     Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health*

*and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B.    Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ erred in rejecting the opinions of Dr. Rosa Kathleen  Riggs and Dr. Emily Rayes; (2) a favorable decision should have been rendered prior to the third administrative hearing; (3) the ALJ improperly failed to consider a partially favorable decision; (4) the ALJ relied upon incomplete and improper testimony provided by the VE and (5) the Plaintiff's due process rights were violated.

**C.    Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ erred in rejecting the opinions of Dr. Rosa Kathleen  Riggs and Dr. Emily Rayes.

Dr. Riggs conducted a consultative examination of Plaintiff on February 24, 2004.  Her mental capacity assessment is of record (Tr. 365-374).  The ALJ rejected Dr. Riggs' assessment for a number of reasons which he set forth in his decision (Tr. 20).  Among those reasons were that the record did not show that Plaintiff had ever been referred to a psychiatrist or to any sort of therapy.  Indeed, her treating physician reported "no abnormalities" with regard to Plaintiff's mental status; nor were mental problems noted by the other consultative examiners (Tr.21).  The Court agrees that these factors detract from Dr. Riggs' assessment of limitations more severe than had been previously identified in the record..

In formulating the RFC, the ALJ incorporated the mental capacity assessment of another consultant, Dr. Pamela Tessnear.  Plaintiff makes much of the fact that Dr. Tessnear is a psychologist, whereas Dr. Riggs is a psychiatrist, thereby implying that the latter's opinion should be afforded greater weight, notwithstanding its inconsistencies with the other credible evidence of record.  However, the regulations provide that both psychiatrist and psychologists are acceptable medical sources and make no distinction between them.  20 C.F.R. §§ 404.1513, 416.913.   The Sixth Circuit Court of Appeals has also rejected such a distinction.  *Crum v. Sullivan*, 921 F.2d 642, 645 (6th Cir. 1990).

With regard to Dr. Rayes, a physician at the Cardinal Hill Rehabilitation

Center, the ALJ found her assessment to be similarly flawed.  Specifically, the ALJ

found her assessment of Plaintiff's physical capabilities to be internally

inconsistent as well as contrary to the other credible medical evidence of record.

The ALJ also found her assessment of Plaintiff's mental capacity to be inconsistent

with the lack of treatment in this regard as well as lacking in any clinical bases.

The Court finds no error in the ALJ's analysis of Plaintiff's mental capacity.

As discussed above, the record simply does not support a finding of any mental

impairment beyond that expressed in the RFC.   The ALJ's RFC is supported by

substantial evidence.

Plaintiff's second claim of error is that a favorable decision should have

been rendered without convening the third administrative hearing.   A close

reading of Plaintiff's argument in this regard reveals that it is essentially an

argument that the ALJ erred in rendering an unfavorable decision.  Moreover, in

this case, the Appeals Council remanded the matter for further proceedings as the

VE testimony, which supports Plaintiff's claim for disability, was found to be

inadequate.  The Court is mindful that the ultimate burden of proving disability is

upon the claimant and, in this instance, Plaintiff's argument falls short of carrying

that burden.

Third, Plaintiff maintains that the ALJ erred by  "fail(ing) to consider a

7

partially favorable decision."   Contrary to Plaintiff's assertion,  a subsequent

award of benefits has no bearing to the issue before this Court, to-wit, whether

substantial evidence supports the ALJ's decision that Plaintff was not disabled

prior to the date of the decision.   *See, e.g. King v. Secretary of Health and Human*

*Services*, 896 F.2d 204 (6th Cir. 1990)(finding new evidence submitted to the Sixth

Circuit consisting of a favorable decision on a subsequent SSI application was

"simply not material" decision which was before the court.).

Plaintiff also alleges that the testimony of the VE was incomplete and not

compliant with the regulations.  The Court having reviewed the record, finds that

the VE testified appropriately.  Nor is there anything in the record which would

call the VE's credibility into question.

As for Plaintiff's contention that her due process rights were violated, the

Court finds it to  be without merit.  Plaintiff argues that the ALJ "curtailed" the

cross-examination of the VE by her counsel, thereby depriving her of a full and fair

hearing.   However, a review of the hearing transcript does not support her

argument.  The VE responded to the questions posed.  The ALJ also allowed

extensive clarification and follow-up.  The ALJ only intervened in the cross-

examination when it became repetitive and even permitted counsel to ask another

question (Tr. 493-494).  There is nothing in the record which would reveal a

deprivation of due process.

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This March 9, 2007.

Signed By:

_Henry R Wilhoit Jr._

**United States District Judge**